Exhibit 1

Exhibit 1 to Hoover Declaration
2:17-cv-00707-JLR
1

1

2

3

4

5

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| HOLESHOT PROPERTIES, LLC, a Washington state limited liability company; Assignee of PACWEST INVESTMENT GROUP, INC., a Nevada corporation,<br><br>                                   Plaintiff,<br><br>          v.<br><br>ALIS HOMES, LLC, a Washington state limited liability company, and AMERICAN CONTRACTORS INDEMNITY CO., a Washington state corporation, Bond No. 100301498,<br><br>                                   Defendants. | No.<br><br>COMPLAINT |

COMES NOW Plaintiff, HOLESHOT PROPERTIES, LLC, by and through its

attorneys of record, Chad E. Ahrens and Maura S. McCoy of Smith Alling, P.S., and for

claims against Alis Homes, LLC, allege and aver as follows:

## I.    PARTIES AND JURISDICTION

1.1     Plaintiff Holeshot Properties, LLC (hereinafter "Holeshot") is a Washington

state limited liability company with its principal place of business in Graham, Pierce County,

Washington.  Holeshot has paid all corporate license fees to date as required by law.

COMPLAINT – Page 1

**SMITH | ALLING** PS
ATTORNEYS AT LAW

1501 Dock Street
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

Exhibit 1 to Hoover Declaration
2:17-cv-00707-JLR
2

1   Holeshot is the current fee owner of the subject real property and improvements located at the

2   common address of 34625 53rd Ave S., Auburn, King County, Washington (the "Real

3   Property") and is the assignee of PacWest Investment Group, Inc., the fee owner at the time

4   Defendant Alis Homes, LLC was engaged as a general contractor for improvements to the

5   Real Property.  For purposes of this Complaint, wherever Plaintiff Holeshot is referenced

6   herein such reference shall mean Plaintiff Holeshot Properties, LLC, owner of the Real

7   Property and assigned and successor-in-interest to PacWest Investment Group, Inc.

8          1.2      Defendant Alis Homes, LLC (hereinafter "Alis") is a Washington state limited

9   liability company with its principal place of business located at 18205 106th St. E, Bonney

10  Lake, Pierce County, Washington, and, all times relevant hereto, conducted business in Pierce

11  County, Washington as a duly licensed general contractor, bonded, and registered pursuant to

12  RCW 18.27.040 under registration number ALISHHL844DD all times relevant hereto.

13         1.3      Defendant American Contractors Indemnity Company is a Washington State

14  insurer and is the surety which issued a bond on behalf of Defendant Alis under Bond No.

15  100301498, in the amount of $12,000. This bond was posted by Alis for the principal purpose

16  of allowing Alis the requirements for registration pursuant to RCW 18.27, for the period of

17  March 1, 2016 until cancelled. Plaintiff is within the class of persons intended to be protected

18  by said bond.

19         1.4      Jurisdiction and venue are properly placed in the Superior Court of Pierce

20  County, Washington, pursuant to RCW 4.12 *et seq.*

21                          **II.    FACTS**

22         2.1      Plaintiff Holeshot, as owner of the Real Property, engaged Defendant Alis to

23  perform construction services as a general contractor at the Real Property. Defendant Alis's

COMPLAINT – Page 2



1501 Dock Street
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

Exhibit 1 to Hoover Declaration
2:17-cv-00707-JLR
3

scope of work included, by way of example, but by no means limited to: installation of new windows and doors; painting of interior and exterior; remodeling kitchen and laundry rooms as well as various other repairs (the "Work"). The total estimate to complete the Work was $43,436.53.

2.2    In order to commence the Work, Defendant Alis required a $20,000.00 construction deposit from Plaintiff, Holeshot; $10,000.00 of which was allotted as an advance for the express purpose of purchasing materials required for the Work and the remainder was allotted for work to be performed by Defendant Alis.  Plaintiff Holeshot paid this initial construction deposit as required and, accordingly, Defendant Alis started the Work on the Real Property.

2.3    Plaintiff Holeshot and Defendant Alis's business relationship and their understanding of the Work and associated costs was based upon both written and verbal communications between the parties.  At no time prior to Defendant Alis's self-termination and abandonment of the Work did Plaintiff Holeshot or its affiliates self-perform any of the Work.

2.4    Defendant Alis failed to provide Plaintiff with a "Notice to Customer" disclosure as required by RCW 18.27.114 prior to commencing the Work.  In addition, none of Defendant Alis's written invoices or other communications referenced Alis's contractor registration number.

2.5    In attempting to perform under the parties' agreement, Defendant Alis performed work that was outside the scope of the Work, which of the work Plaintiff Holeshot was aware, Defendant Alis was specifically told to not to perform. As more particularly set forth herein, Defendant Alis breached the parties' agreement by failing to perform its

COMPLAINT – Page 3



SMITH | ALLING PS
ATTORNEYS AT LAW

1501 Dock Street
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

Exhibit 1 to Hoover Declaration
2:17-cv-00707-JLR
4

contractual obligations including, by way of example but by no means limited to: failing to

perform the Work in a workmanlike manner or failing to perform it at all; failing to purchase

the required materials; failing to use licensed, registered, and bonded subcontractors and,

ultimately, abandoning its Work.

2.6     Defendant Alis utilized inexperienced, unlicensed subcontractors to perform

the Work.  In addition, Defendant Alis employed inexperienced laborers to perform the Work.

2.7     Of the portion of Work that was actually attempted by Defendant Alis, its

agents and/or subcontractors, the work and work-product fell far below the industry standards.

2.8     Defendant Alis actually failed to use any portion of the construction deposit to

purchase materials for the Work, or otherwise refused to provide Plaintiff Holeshot any

records to demonstrate that such materials were in fact purchased.  In the alternative, if

Defendant Alis actually purchased materials, said materials were never provided to Plaintiff

Holeshot.

2.9     As a result of Defendant Alis's failure to perform the Work and properly

construct, repair and improve the Real Property as agreed, Plaintiff Holeshot was forced to

hire additional contractors to correct or complete Defendant Alis's work, which has resulted

in actual costs to Plaintiff.

2.10    When Defendant Alis issued invoices, it failed to credit Plaintiff Holeshot for

work Alis agreed to not charge for due to admitted poor workmanship and/or failure(s) to

perform the Work as agreed.

2.11    Plaintiff Holeshot routinely requested that Defendant Alis provide an

accounting and documentation to support the labor and materials that it charged to Plaintiff

COMPLAINT – Page 4



SMITH | ALLING PS
ATTORNEYS AT LAW

1501 Dock Street
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

Exhibit 1 to Hoover Declaration
2:17-cv-00707-JLR
5

1   Holeshot.   However, Defendant Alis refused or otherwise failed to provide any

2   documentation, materials, or accounting to support their charges.

3        2.12   Defendant Alis never provided Plaintiff Holeshot with a sufficient accounting

4   of what materials were purchased during its time performing portions of the Work.

5        2.13   At all times relevant hereto, Plaintiff Holeshot justifiably relied upon

6   Defendant Alis as its general contractor, its purported construction experience, as expressly

7   represented by Defendant Alis, for performance of the Work for a reasonable value and price.

8   Defendant Alis exploited Plaintiff Holeshot's trust and confidence to grossly overcharge for

9   the work it did attempt to perform and/or to charge Plaintiff Holeshot for work that was not

10  actually performed.

11       2.14   Ultimately, as a result of Defendant Alis's deceptive business practices,

12  Plaintiff paid Defendant Alis an amount significantly greater than the "market" or reasonable

13  value for the work actually performed.

14       2.15   There is risk of harm to other customers in the State of Washington as a result

15  of Defendant Alis's business practices and the pattern and practice engaged in this matter by

16  Defendant Alis demonstrates potential repetition to other customers.

17       2.16   As a result of Defendant Alis's breach(es) of the parties' agreement and

18  ultimate failure to perform the Work,  Plaintiff Holeshot has had to exercise its remedies

19  including, but not limited to engaging subcontractors to remedy and complete Defendant

20  Alis's  Work.  To date, Plaintiff Holeshot has incurred damages of not less than $50,000.00

21  with the total sum of damages incurred to be established at trial.

22

23

COMPLAINT – Page 5



SMITH | ALLING ps
ATTORNEYS AT LAW

1501 Dock Street
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

Exhibit 1 to Hoover Declaration
2:17-cv-00707-JLR
6

2.17    Based upon information and belief, Alis was undercapitalized for the time period referenced above and, based on further information and belief, its principals, members, and/or officers knew or should have known of such undercapitalization.

## III.    FIRST CAUSE OF ACTION –
## CLAIM ON CONTRACTORS BOND

3.1    Plaintiff realleges and incorporates the preceding paragraphs of this pleading as thought set forth in full herein.

3.2    Defendant American Contractors Indemnity Company is named solely as issuing Bond No. 100301498, in the amount of $12,000, pursuant to Washington State law, RCW 18.27 *et seq.*, on behalf of Defendant Alis. Defendant American Contractors Indemnity Company is named as a party in this action for the sole purpose of Plaintiff's claim against the surety bond of Defendant.  Plaintiff Holeshot is an assignee of PacWest Investment Group, LLC pursuing a claim against the bond.

## IV.    SECOND CAUSE OF ACTION –
## BREACH OF CONTRACT/QUANTUM MERUIT

4.1    Plaintiff realleges and incorporates the preceding paragraphs of this pleading as thought set forth in full herein.

4.2    In exchange for payment, Defendant Alis agreed to perform construction services and the Work on the Real Property.  The agreement between Plaintiff Holeshot and Defendant Alis is a valid and binding contract.  Defendant Alis breached its contract with Plaintiff Holeshot by unduly delaying performance, failing to perform duties pursuant to the contract, and/or committing other acts or omissions amounting breaches of contract.

4.3    As a result of Defendant Alis's breaches, Plaintiff Holeshot has sustained economic harm and is entitled to monetary damages in amount to be proven at trial resulting

COMPLAINT – Page 6



SMITH | ALLING PS
ATTORNEYS AT LAW

1501 Dock Street
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

Exhibit 1 to Hoover Declaration
2:17-cv-00707-JLR
7

1  from all direct, foreseeable, consequential, and incidental actions and/or omissions of

2  Defendant Alis.  Plaintiff Holeshot is further entitled to be paid accrued interest, attorneys'

3  fees and costs incurred in pursuing this action

4  **V.      THIRD CAUSE OF ACTION –**
**VIOLATION OF CONSUMER PROTECTION ACT**

5

6  5.1      Plaintiff realleges and incorporates the preceding paragraphs of this pleading

as thought set forth in full herein.

7

8  5.2      Defendant Alis engaged in unfair and deceptive acts affecting the public

interest and are therefore in violation of the Consumer Protection Act, RCW 19.86, *et seq.*

9

10  Defendant Alis provided estimates and contract amounts with which it could not comply.

Defendant Alis also failed to follow the statutorily required procedures set forth in RCW

11

12  18.27, *et seq.*, in performing construction work including, but not necessarily limited to,

failing to provide a "Notice to Customer" as required by RCW 18.27.114.  Pursuant to RCW

13

14  18.27.350, Defendant Alis's infraction is deemed to affect the public interest and "shall

constitute a violation of chapter 19.86 RCW." These acts by Defendant Alis have affected the

15

16  public interest and show potential for repetition to other customers.

5.3      As a result of Defendant Alis's violation of the Consumer Protection Act,

17

18  Plaintiff is entitled to treble damages and reasonable costs and attorneys' fees.

**VI.      FOURTH CAUSE OF ACTION –**
**CONVERSION/CONSTRUTIVE TRUST**

19

20  6.1      Plaintiff realleges and incorporates the preceding paragraphs of this pleading

as thought set forth in full herein.

21

22  //

23  //

COMPLAINT – Page 7

SMITH | ALLING ps
ATTORNEYS AT LAW

1501 Dock Street
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

Exhibit 1 to Hoover Declaration
2:17-cv-00707-JLR
8

6.2     Defendant Alis's acts have seriously and intentionally interfered with Plaintiff Holeshot's right of possession to its property.  Defendant's acts have caused physical damage to Plaintiff's property.

6.3     Plaintiff has been damaged as a result of such conversion, in an amount to be established at trial.

6.4     In the alternative, Defendant Alis purports to hold title to the Plaintiff's chattel in the form of money and other personal property. Plaintiff's tendered money, including but not limited to, the $20,000.00 construction deposit and other personal property to Defendant Alis in trust for the Work to the Real Property with the understanding that they would receive the benefit of the bargain – performance of the Work or return of the money and personal property tendered.  Defendant Alis's possession of Plaintiff's money and other personal property through actual fraud, misrepresentation, concealment, abuse of confidence, or other questionable means.

6.5     As a result of malfeasance by Defendant Alis, Defendant Alis would be unjustly enriched by retention of the chattel and therefore have an equitable duty to convey and return the Plaintiff's property or to pay Plaintiff the value of the property in an amount to be proven at trial.

## VII.     FIFTH CAUSE OF ACTION – UNJUST ENRICHMENT

7.1     Plaintiff realleges and incorporates the preceding paragraphs of this pleading as thought set forth in full herein.

7.2     In the alternative to breach of contract or quantum meruit, Plaintiff hereby claims under promissory estoppel.  By tendering payments to Defendant Alis, and Defendant

COMPLAINT – Page 8



SMITH | ALLING PS
ATTORNEYS AT LAW

1501 Dock Street
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

Exhibit 1 to Hoover Declaration
2:17-cv-00707-JLR
9

1   Alis's failure to perform *quid pro quo*, Plaintiffs conferred a benefit to Defendant Alis.

2   Defendant Alis was aware of the benefit being conferred by Plaintiff but has failed or refused

3   to refund the payment or tender the performance owed.  It is unjust for Defendant Alis to

4   retain the benefit conferred by Plaintiffs without tendering payment to the extent of its unjust

5   enrichment.

6          7.3.     Plaintiff is entitled to be paid the principal amount owed for the benefit

7   conferred to Defendant Alis.  Plaintiff is further entitled to be paid accrued interest, attorneys'

8   fees and costs incurred in bringing this action.

9                        **VIII.   SIXTH CAUSE OF ACTION –**
                                **PROMISSORY ESTOPPEL**
10
           8.1     Plaintiff realleges and incorporates the preceding paragraphs of this pleading
11
    as thought set forth in full herein.
12
           8.2     By entering into an agreement with Defendant Alis and having Defendant Alis
13
    accept Plaintiff's payment(s), Plaintiff should have reasonably expected Defendant Alis to
14
    perform as required under the contract where Defendant Alis failed to do so.  Acting in
15
    justifiable reliance on the promise of Defendant Alis, Plaintiffs tendered payment(s) to
16
    Defendant Alis.  Injustice can be prevented only by enforcing the promise of Defendant Alis.
17
           8.3     Plaintiff is entitled to be reimbursed of all amounts paid on the contract.
18
    Plaintiff is further entitled to be paid late fees, accrued interest, reasonable attorneys' fees, and
19
    legal costs incurred in pursuing this action.
20
    //
21
    //
22
    //
23

COMPLAINT – Page 9

**SMITH | ALLING** PS
ATTORNEYS AT LAW

1501 Dock Street
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

Exhibit 1 to Hoover Declaration
2:17-cv-00707-JLR
10

---

## IX.  SEVENTH CAUSE OF ACTION –
## NOTICE OF INTENT TO DISCOVER CORPORATE DISREGARD
### (as to the principals, members, and officers of Defendant Alis, LLC)

9.1    Plaintiff realleges and incorporates the preceding paragraphs of this pleading as thought set forth in full herein.

9.2    Based on information and belief (including, but not limited to, information and belief that Defendant Alis was undercapitalized and/or its principals, members, and/or officers engaged in conduct allowing Plaintiff to "pierce the corporate veil"), Plaintiff alleges that the doctrine of corporate disregard applies with regards to the principals, members, and/or officers of Defendant Alis which will render its corporate members liable at law or in equity for all or a portion of the damages owed to Plaintiff.  Plaintiffs hereby put Defendant Alis's corporate members and officers on notice of its intent to claim on this issue, to conduct further discovery, and amend its complaint to include Defendant Alis's corporate members and officers as named defendants in the above-captioned matter.

## X.    RESERVATION OF RIGHTS

Plaintiff reserve the right to assert additional claims as may be appropriate following further investigation and discovery.

## XI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief against Defendants, jointly and severally:

11.1    For judgment against Defendants in an amount to be proven at trial, plus interest at the rate of twelve percent (12%) per annum on the liquidated sum.

11.2    For judgment against the Defendants for consequential damages in an amount to be proven at trial incurred as a result of Defendant Alis's breach of contract;

COMPLAINT – Page 10



SMITH | ALLING PS
ATTORNEYS AT LAW
1501 Dock Street
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

Exhibit 1 to Hoover Declaration
2:17-cv-00707-JLR
11

1    11.3    For judgment against Defendants for damages incurred as a result of Alis's

2    above-referenced conduct.

3    11.4    For judgment against Defendants in an amount to be proven at the time of trial

4    representing the reasonable costs to properly repair Plaintiff's home.

5    11.5    For judgment against Defendants for attorneys' fees and costs as provided by

6    statute or equity;

7    11.6    For judgment against Defendant American Contractor's Indemnity Company

8    in the bond amount of $12,000;

9    11.7    For judgment against Defendants for treble damages under RCW 19.86 *et seq.*;

10    and

11    11.8    For an award of Plaintiffs' post-judgment attorneys' fees and costs incurred in

12    collection on the judgment.

13    11.9    For such other relief as the Court deems just and equitable.

14    DATED this _11th_ day of January, 2017.

15                                         SMITH ALLING, P.S.

16

17    By: _____
                 Chad E. Ahrens, WSBA #36149
18                 Maura S. McCoy, WSBA #48070
                 Attorneys for Plaintiff

19

20

21

22

23

COMPLAINT – Page 11

SMITH | ALLING PS
ATTORNEYS AT LAW

1501 Dock Street
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

Exhibit 1 to Hoover Declaration
2:17-cv-00707-JLR
12

1

## **<u>VERIFICATION</u>**

2      Heather Rickman hereby declares as follows:

3      1.      I am one of the members and/or managers of the above-named Plaintiff.

4      2.      I have read the foregoing Complaint, know the contents thereof, and believe the

5 same to be true.

6      3.      I am duly vested with the request authority to verify this Complaint on behalf of

7 the above-named Plaintiff.

8      DATED this _____ day of _____, 2017.

9

10                                    _____
                                      Heather Rickman

11

12

13

14

15

16

17

18

19

20

21

22

23

COMPLAINT – Page 12

**SMITH | ALLING** PS
ATTORNEYS AT LAW

1501 Dock Street
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

Exhibit 1 to Hoover Declaration
2:17-cv-00707-JLR
13