Exhibit 2

Exhibit 2 to Hoover Declaration
2:17-cv-00707-JLR
1

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**FOR THE COUNTY OF KING**

| | |
|---|---|
| HOLESHOT PROPERTIES, LLC, a Washington state limited liability company; Assignee of PACWEST INVESTMENT GROUP, INC., a Nevada corporation, | NO. 17-2-06293-1 |
| Plaintiff, | ALIS HOMES, LLC'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO HOLESHOT PROPERTIES, LLC **AND RESPONSES THERETO** |
| vs. | |
| ALIS HOMES, LLC, a Washington state limited liability company, and AMERICAN CONTRACTORS INDEMNITY CO., a Washington state corporation, Bond No. 100301498, | |
| Defendants. | |

**TO:**        **Holeshot Properties, LLC, Plaintiff,**

**AND TO:**    **Chad Ahrens and Maura McCoy of Levy Von Beck & Associates, P.S.,**

               **Attorneys for Plaintiff.**

COMES NOW Defendant Alis Homes, LLC ("Alis") and pursuant to Civil Rules 33 and 34 for the Superior Court of Washington, propounds the following interrogatories and requests for production of documents to Plaintiff Holeshot Properties, LLC, assignee of Pacwest Investment Group, Inc. (collectively, hereinafter referred to as "Holeshot") to answer in writing, separately and fully, under oath within thirty (30) days after service.  Such interrogatories and requests shall be deemed continuing so as to require supplemental answers

ALIS HOMES, LLC'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO HOLESHOT
PROPERTIES, LLC - **AND RESPONSES**
~~THERETO~~ .

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956 Fax (425) 462-4995

Exhibit 2 to Hoover Declaration
2:17-cv-00707-JLR
2

or responses if further information is obtained between the time answers and responses are served and the time of trial. Such supplementary answers and responses shall be served from time to time, but not later than thirty days (30) after you become aware of such information.

Each interrogatory and request is required to be answered or responded to on the basis of your entire knowledge, including all information in the possession of you, your agent(s), representative(s) and attorney(s). If any of the following interrogatories or requests cannot be answered or responded to in full, answer or respond to the extent possible, specifying the reason for your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion, and identifying each person whom you believe has information regarding the subject of the interrogatory or request. If any answer or response is qualified in any particular, set forth the details of such qualification.

Attach additional sheets if more space is required for answers or responses than is provided herein.

## DEFINITIONS AND PROCEDURES

1.      As used in these Interrogatories and Requests, the words "you" and "your" refer to Holeshot Properties, LLC, and its predecessor companies, including, but not limited to, PacWest Investment, Group, Inc. and Eric and Heather Rickman.

2.      As used herein, "identify" or "identity" used in reference to an individual person means to state his/her full name and his/her present address, his/her telephone number, his/her present or last known position or business affiliation, and his/her position and business affiliation at the time in question.

3.      "Identify" or "identity" when used in reference to a document means to state the date and author, type of document, e.g., letter, memorandum, telegram, chart, etc. (or

ALIS HOMES, LLC'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO HOLESHOT
PROPERTIES, LLC - **AND RESPONSES**
~~THERETO - 3~~

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

Exhibit 2 to Hoover Declaration
2:17-cv-00707-JLR
3

some other means of identifying it) and its present location or custodian.  If any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it.

4.      The term "document" means all writings of every kind pertaining to the subject matter of this litigation, including, but not limited to, the original and any copy of all records, letters, correspondence, appointment books, diaries, files, notes, statements, memoranda, or minutes of meetings, conferences, telephone calls, receipts, written reports or opinions of investigators or experts, status reports, financial statements, audit reports, tax returns, estimates, inventories, contracts, agreements, articles of incorporation, bylaws, stock book, minute book, deed, security agreement, mortgage, deed of trust, title or other insurance policy, report, record, study, handwritten note, map, drawing, working paper, chart, paper, draft, index, tape, microfilm, data sheet, data processing card, computer printout, computer program, check bank statement, passbook, including information recorded and stored electronically, however produced or reproduced, within your possession or subject to your control, of which you have knowledge or to which you have or have had access, or of which any of your agents, attorneys, accountants or consultants have had knowledge.

5.      The term "relating to" means pertinent, relevant, or material to, evidencing, having a bearing on, or concerning, affecting, discussing, dealing with, considering or otherwise relating in any manner whatsoever to the subject matter of the inquiry.

6.      The terms "the Project" or "Project" or "Home" or "the Home" refers to the single-family residence located at 34625 53rd Ave S., Auburn, Washington in Pierce County, Washington.

ALIS HOMES, LLC'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO HOLESHOT
PROPERTIES, LLC - **AND RESPONSES**
THERETO 3

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

Exhibit 2 to Hoover Declaration
2:17-cv-00707-JLR
4

7.   <u>Withheld Documents</u>.   With respect to any document withheld from production, under claim of privilege or for any other reason, please identify:

    a.   The name, title, description, or type of each such document,
    b.   The subject matter with which each such document deals,
    c.   The name, address, and telephone number of the person drafting or originating each such document,
    d.   The date each such document was drafter or originated,
    e.   The intended recipient of each such document,
    f.   The name, address, and telephone number of the person having custody of each such document,
    g.   The nature of the privilege of other ground asserted for withholding each such document, and
    h.   The factual basis for the claim of privilege or other ground for withholding each such document.

8.   <u>Destroyed, Lost, or Missing Documents</u>.   Should any of the documents requested have existed at one time but currently be lost, destroyed, missing, or otherwise beyond your control, you shall identify:

    a.   The name, title, description, or type of each such document,
    b.   The subject matter with which each such document dealt,
    c.   The name, address, and telephone number of the person(s) who drafted or originated each such document,
    d.   The date each such document was drafted or originated,
    e.   The name, address, and telephone number of all persons who have had custody of each such document,
    f.   The facts surrounding the loss or destruction of each such document, and
    g.   The date of the loss or destruction of each such document and if that date not be known, the closest approximation thereof.

## PLAINTIFFS' GENERAL OBJECTIONS

**(a)   Plaintiff objects to each and every interrogatory to the extent that it would require Plaintiff to respond by disclosing his attorney's or other of his representative's mental impressions, conclusions, opinions, computations, calculations, projections, reasons, legal theories, other work product or the like, on the ground that said interrogatories exceed the permissible scope of discovery under the applicable Rules of Civil Procedure.**

**(b)   Plaintiff objects to each and every interrogatory to the extent that it, whether standing alone or taken in conjunction with any and all Interrogatories and/or**

ALIS HOMES, LLC'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO HOLESHOT
PROPERTIES, LLC - **AND RESPONSES**
~~THERETO -~~

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956 Fax (425) 462-4995

Exhibit 2 to Hoover Declaration
2:17-cv-00707-JLR
5

Request for Production, is calculated or would operate to annoy, embarrass, oppress, unduly vexatious or unduly burdensome to respond to, or would require Plaintiff to engage in investigative efforts burdensome to the point of oppression, on the ground that said interrogatories exceed the permissible scope of discovery under the applicable Rules of Civil Procedure.

(c)     Plaintiff objects to each and every interrogatory to the extent that it requires Plaintiff to respond by acquiring or supplying information which would be irrelevant to the subject matter or issues of this action, and not reasonably calculated to lead to the discovery of admissible evidence, on the ground that said interrogatories exceed the permissible scope of discovery under the applicable Rules of Civil Procedure.

(d)     Plaintiff objects to each and every interrogatory to the extent that it requires Plaintiff to respond by waiving his attorney-client privilege, on the ground that said Interrogatories and/or Request for Production exceed the permissible scope of discovery under the applicable Rules Civil of Procedure.

(e)     Plaintiff objects to each and every Interrogatory and Request for Production to the extent that it is outside the scope of discovery set forth in Civil Rule 26(b).

(f)     Plaintiff objects to each and every interrogatory to the extent it requires the furnishing of information or materials obtained in anticipation of litigation or which constitutes work product of counsel and for which there has been no requisite showing that the Defendants have substantial need and that Defendants could not obtain the substantial equivalent by other means.

(g)     Plaintiff objects to each and every Interrogatory and Request for Production to the extent they are burdensome or oppressive in that they would require investigation, research, information or compilation of documents (1) in the possession, custody or control of non-parties equally accessible to the Defendants; (2) or within the possession, custody or control of the Defendants or their representatives; (3) which can be derived with substantially the same burden by Defendants from records available or within possession, custody or control of the Plaintiff or its representatives or agents; and/or (4) impose an undue burden upon the Plaintiff.

(h)     Plaintiff objects to each and every Interrogatory and Request for Production to the extent they are overly broad, vague, ambiguous, and/or not reasonably calculated to lead to the discovery of admissible evidence.

(i)     Plaintiff objects to each and every Interrogatory and Request for Production to the extent they call for a "dress rehearsal" for the trial and call for evidence upon which it intends to rely on to prove any fact or facts. *See Weber v. Biddle, 72 Wn.2d 22, 29 (1967).*

ALIS HOMES, LLC'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO HOLESHOT
PROPERTIES, LLC - **AND RESPONSES**
~~THERETO~~ 6

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

Exhibit 2 to Hoover Declaration
2:17-cv-00707-JLR
6

(j)     Plaintiff objects to the definition of "Document" to the extent it seeks any documents outside the scope of the term "document" as set forth in Civil Rule 34(A).

(k)     Plaintiff objects to each and every Interrogatory and Request for Production for which no time limit is specified as overly burdensome, broad, and/or irrelevant.

(l)     Certain information may be produced in a form which indicates that information has been redacted on the ground that the matter was (a) irrelevant and not reasonably calculated to lead to discovery of admissible evidence, and/or protected by any applicable privilege and/or work-product doctrine.

(m)     Discovery is ongoing.     After responding to Defendants' First Set Interrogatories and Requests for Production to Plaintiff, Plaintiff reserves the right to supplement all answers and responses in accordance with Civil Rule 26 and to correct all errors or omissions attributable to human error.   Notwithstanding the foregoing, these answers and responses ae based on Plaintiffs' knowledge as of the undersigned response date on this pleading.

(n)     Subject to and without waiving the above objections, on the basis of information now known to Plaintiff and without waiving any objection or admitting the relevance or materiality of any of the information sought, Plaintiffs hereby respond to said Interrogatories and Requests for Production as follows:

## INTERROGATORIES

**INTERROGATORY NO. 1:**  Please identify the name, address, and telephone number of each and every person providing information or assisting with the answers and responses to these interrogatories and requests for production.   For each individual please specify the interrogatory or request that such person has provided information for.

   **ANSWER:**

   No one other than counsel of record assisted the above-named Plaintiffs in responding to Defendants' First Interrogatories and Requests for Production.

**INTERROGATORY NO. 2:**  Please identify the name, address, and telephone number of each and every person known to you or your attorneys to have knowledge of any facts relating to the claims in this matter, and briefly state the substance of their knowledge as it relates to those claims.

ALIS HOMES, LLC'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO HOLESHOT
PROPERTIES, LLC - **AND RESPONSES**
THERETO - 6

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

Exhibit 2 to Hoover Declaration
2:17-cv-00707-JLR
7

**ANSWER:**

Objection.  Plaintiff objects to the extent the foregoing interrogatory is unduly burdensome, requires unreasonable efforts or expense on the part of Plaintiff, or otherwise imposes obligations broader than those authorized or otherwise permitted by any applicable order or rule of this Court.   Plaintiff further objects to the extent the interrogatory is burdensome or oppressive in that it would require investigation, research, information or compilation of documents: (1) in the possession, custody or control of non-parties equally accessible to the Defendants; (2) or within the possession, custody or control of Defendants or its representatives; and (3) which can be derived with substantially the same burden by Defendants from records available or within possession, custody or control of the Defendants or its representatives or agents. Further, Plaintiff is not required to put on a "dress rehearsal" for the trial and/or provide evidence upon which it intends to rely on to prove any fact or facts.  *See Weber v. Biddle,* 72 Wn.2d 22, 29 (1967).

Plaintiff will work with Defendants and its counsel to clarify the extent of the request so as to narrow it and ensure that it is within the proper scope of discovery.

SMITH ALLING, P.S.

Chad E. Ahrens, WSBA #36149
Attorneys for Plaintiff

Notwithstanding the foregoing objection, Plaintiff answers:

1)      Eric Rickman
        c/o Chad E. Ahrens and Maura S. McCoy
        Smith Alling, P.S.
        1501 Dock Street
        Tacoma, WA  98402
        (253) 627-1091

        Mr. Rickman is a co-owner of Holeshot Properties, LLC, has personal knowledge of the of the subject property, and may offer testimony concerning all aspects central to this matter as alleged in Plaintiff's Complaint and Defendants' Answers and Defendants' Answer and Affirmative Defenses.

2)      Heather Rickman
        c/o Chad E. Ahrens and Maura S. McCoy
        Smith Alling, P.S.
        1501 Dock Street
        Tacoma, WA  98402
        (253) 627-1091

ALIS HOMES, LLC'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO HOLESHOT
PROPERTIES, LLC - **AND RESPONSES**
THERETO 7

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

Exhibit 2 to Hoover Declaration
2:17-cv-00707-JLR
8

1

2       **Ms. Rickman is a co-owner of Holeshot Properties, LLC, has personal knowledge of the of the subject property, and may offer testimony concerning all aspects central to this matter as alleged in Plaintiff's Complaint and Defendants' Answer and Affirmative Defenses.**

3

4       3)      **Leo Hoover**
                 **c/o Douglas N. Kiger**
5                **Blado Kiger Bolan, P.S.**
                 **4717 S. 19th St., Suite 109**
6                **Tacoma, WA  98405**
                 **(253) 272-2997**
7

8       **Mr. Hoover is a co-owner of Alis Homes, LLC, has personal knowledge of the of the subject property, and may offer testimony concerning all aspects central to this matter as alleged in Plaintiff's Complaint and Defendants' Answer and Affirmative Defenses.**

9

10

11      4)      **Sarah Hoover**
                 **c/o Douglas N. Kiger**
12               **Blado Kiger Bolan, P.S.**
                 **4717 S. 19th St., Suite 109**
13               **Tacoma, WA  98405**
                 **(253) 272-2997**
14

15      **Ms. Hoover is a co-owner of Alis Homes, LLC, has personal knowledge of the of the subject property, and may offer testimony concerning all aspects central to this matter as alleged in Plaintiff's Complaint and Defendants' Answer and Affirmative Defenses.**

16

17      5)      **Loren Black**
                 **1142 Fawcett Ave. #503**
18               **Tacoma, WA  98402**
                 **(253) 371-0989**
19

20      **Mr. Black met with the owners of Alis Homes, LLC and Comprehensive Electrical Services, LLC to discuss the electrical work on the project, has personal knowledge of the of the subject property, and may offer testimony concerning aspects central to this matter as alleged in Plaintiff's Complaint and Defendants' Answer and Affirmative Defenses.**

21

22

23      6)      **Wayne Harsbargen**
                 **129th Ave SE**
24               **Auburn WA 98092**
                 **(253) 245-8783**
25

ALIS HOMES, LLC'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO HOLESHOT PROPERTIES, LLC - **AND RESPONSES**

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

Exhibit 2 to Hoover Declaration
2:17-cv-00707-JLR
9

1

2      Mr. Harsbargen is a co-owner of Midnight Six, LLC and met with the owners of
Alis Homes, LLC to discuss the work on the project, has personal knowledge of the of

3   the subject property, and may offer testimony concerning aspects central to this matter
as alleged in Plaintiff's Complaint and Defendants' Answer and Affirmative Defenses.

4
       7)    Wayne Harsbargen
5            129th Ave SE
             Auburn WA 98092
6            (253) 245-8783

7      Ms. Harsbargen is a co-owner of Midnight Six, LLC and met with the owners of
Alis Homes, LLC to discuss the work on the project, has personal knowledge of the of

8   the subject property, and may offer testimony concerning all aspects central to this
matter as alleged in Plaintiff's Complaint and Defendants' Answer and Affirmative

9   Defenses.

10
       8)    Elliot Haddon
11           2724 S Meridian, Apt. 373
             Auburn WA 98092
12           (206) 992-8847

13     Mr. Haddon is a journeymen plumber and completed all unfinished plumbing on
the project, has personal knowledge of the of the subject property, and may offer

14  testimony concerning aspects central to this matter as alleged in Plaintiff's Complaint
and Defendants' Answer and Affirmative Defenses.

15
       9)    Jose Alejandre
16           Verde Landscape/Maintenance
             4501 N 21st Street
17           Tacoma, WA 98406
             (206) 988-6246

18
       Mr. Alejandre repaired and/or replaced deficient siding and soffit work initially
19  performed by Alis Homes, LLC, has personal knowledge of the of the subject property,
and may offer testimony concerning aspects central to this matter as alleged in

20  Plaintiff's Complaint and Defendants' Answer and Affirmative Defenses.

21     10)   Mark Floren
22           2FL Enterprises, LLC
             10605 SE 204th St, Ste 130
23           Auburn, WA 98031

24     Mr. Foren is an owner of 2FL Enterprises, LLC dba 2FL Windows & Siding, the
company hired to install windows and gutters on the project, has personal knowledge of

25

---

ALIS HOMES, LLC'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO HOLESHOT
PROPERTIES, LLC - **AND RESPONSES**
THERETO - 8

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

Exhibit 2 to Hoover Declaration
2:17-cv-00707-JLR
10

1  the of the subject property, and may offer testimony concerning all aspects central to
2  this matter as alleged in Plaintiff's Complaint and Defendants' Answer and Affirmative
   Defenses.

3        11)   Rich (last name unknown)
4              2FL Enterprises, LLC
               10605 SE 204th St, Ste 130
5              Auburn, WA 98031

6        Rich is an installer for 2FL Enterprises, LLC dba 2FL Windows & Siding, the
   company hired to install windows and gutters on the project, has personal knowledge of
7  the of the subject property, and may offer testimony concerning aspects central to this
   matter as alleged in Plaintiff's Complaint and Defendants' Answer and Affirmative
8  Defenses.

9        12)   Darrin Rickman
               6628 S 238th Place, K 105
10             Kent, WA  98032-2649

11       Mr. Rickman was hired by Alis Homes, LLC to perform cleanup and pickup
12 work on the project, has personal knowledge of the of the subject property, and may
   offer testimony concerning aspects central to this matter as alleged in Plaintiff's
13 Complaint and Defendants' Answer and Affirmative Defenses.

14       13)   Kyle Kern
               Comprehensive Electrical Services, LLC
15             18011 2nd St. E
               Lake Tapps, WA 98391
16             (253) 326-5607

17       Mr. Kern was hired by Alis Homes, LLC to perform electrical work on the
18 project, has personal knowledge of the of the subject property, and may offer testimony
   concerning aspects central to this matter as alleged in Plaintiff's Complaint and
19 Defendants' Answer and Affirmative Defenses.

20       14)   Joe Mangee
               21804 Mountain Hwy, #147
21             Spanaway, WA 98387

22       Mr. Mangee was hired by Pacwest Investment Group, LLC to perform and
   complete painting that Alis Homes, LLC failed to complete, has personal knowledge of
23 the of the subject property, and may offer testimony concerning aspects central to this
   matter as alleged in Plaintiff's Complaint and Defendants' Answer and Affirmative
24 Defenses.

25

ALIS HOMES, LLC'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO HOLESHOT
PROPERTIES, LLC - AND RESPONSES
THERETO - 12

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

Exhibit 2 to Hoover Declaration
2:17-cv-00707-JLR
11

15)    Debi Fay
       6628 S 238th Place, K 105
       Kent, WA

       Ms. Fay visited project during all phases of consturciton, has personal knowledge of the of the subject property, and may offer testimony concerning all aspects central to this matter as alleged in Plaintiff's Complaint and Defendants' Answer and Affirmative Defenses.

16)    Andre Gresham
       6416 S. Lawrence St.
       Tacoma, WA 98409

       Mr. Gresham was hired to install all flooring on the project, has personal knowledge of the of the subject property, and may offer testimony concerning all aspects central to this matter as alleged in Plaintiff's Complaint and Defendants' Answer and Affirmative Defenses.

17)    Shawn Moore
       Address to be supplemented

       Mr. Moore helped install the furnace at the project, has personal knowledge of the of the subject property, and may offer testimony concerning all aspects central to this matter as alleged in Plaintiff's Complaint and Defendants' Answer and Affirmative Defenses.

18)    Representative of Orca Granite
       1324 Canyon Rd E, Suite 101
       Puyallup, WA  98373

       Orca Granite was hired to install all granite on the project, has personal knowledge of the of the subject property, and may offer testimony concerning all aspects central to this matter as alleged in Plaintiff's Complaint and Defendants' Answer and Affirmative Defenses.

19)    Hartley Hadley
       Top Hat Chimney Sweep and Repair
       1720 12th St SW
       Puyallup, WA  98371
       (253) 841-4002

       Mr. Hadley was hired to service the fireplace on the project, visited project during all phases of construction, has personal knowledge of the of the subject property, and may offer testimony concerning all aspects central to this matter as alleged in Plaintiff's Complaint and Defendants' Answer and Affirmative Defenses.

ALIS HOMES, LLC'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO HOLESHOT
PROPERTIES, LLC - **AND RESPONSES**

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

Exhibit 2 to Hoover Declaration
2:17-cv-00707-JLR
12

20)   **Insight Pest Solutions**
      **1112 S. 344th St, Suite 305**
      **Federal Way, WA  98003**

   Insight Pest Solutions was hired to spray the beehive in a soffit prior to beginning construction, visited the project prior to construction, has personal knowledge of the of the subject property, and may offer testimony concerning all aspects central to this matter as alleged in Plaintiff's Complaint and Defendants' Answer and Affirmative Defenses.

21)   **John Nunez**
      **Address to be supplemented**

   Mr. Nunez was hired for a day of labor, has personal knowledge of the of the subject property, and may offer testimony concerning all aspects central to this matter as alleged in Plaintiff's Complaint and Defendants' Answer and Affirmative Defenses.

22)   **Brock (last name unknown)**
      **Carbon River Doors**
      **PO Box 355**
      **Orting, WA  98360**

   Carbon River Doors was hired to replace the old garage door, visited the project during construction, has personal knowledge of the of the subject property, and may offer testimony concerning all aspects central to this matter as alleged in Plaintiff's Complaint and Defendants' Answer and Affirmative Defenses.

23)   **Michelle Faith**
      **34907 SE Kinsey St**
      **Snoqualmie, WA  98065**

   Ms. Faith was hired to provide home staging services for the home upon completion, has personal knowledge of the of the subject property, and may offer testimony concerning all aspects central to this matter as alleged in Plaintiff's Complaint and Defendants' Answer and Affirmative Defenses.

**INTERROGATORY NO. 3:** Please identify the name, address, and telephone number of each and every person who performed work or services related to the the project, including employees, subcontractors, and persons paid under the table, and state with specificity the scope of work or service each performed.

ALIS HOMES, LLC'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO HOLESHOT
PROPERTIES, LLC - **AND RESPONSES**
**THERETO - 13**

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

Exhibit 2 to Hoover Declaration
2:17-cv-00707-JLR
13

**ANSWER:**

Objection.   Plaintiff objects to the extent the foregoing interrogatory is burdensome or oppressive in that it would require investigation, research, information or compilation of documents: (1) in the possession, custody or control of non-parties equally accessible to the Defendants; (2) or within the possession, custody or control of Plaintiffs or its representatives; and (3) which can be derived with substantially the same burden by Defendants from records available or within possession, custody or control of the Defendants or its representatives or agents.   Further, Plaintiff is not required to put on a "dress rehearsal" for the trial and/or provide evidence upon which it intends to rely on to prove any fact or facts.  *See Weber v. Biddle,* 72 Wn.2d 22, 29 (1967).

Plaintiff will work with Defendants and its counsel to clarify the extent of the request so as to narrow it and ensure that it is within the proper scope of discovery.

SMITH ALLING, P.S.

Chad E. Ahrens, WSBA #36149
**Attorneys for Plaintiff**

Notwithstanding the foregoing objection, Defendants answer:

See contact information provided in the preceding interrogatory.

1)     Mr. Wayne Harsbargen of Midnight Six, LLC assisted Plaintiff in finishing the drywall, tape and texture as well as miscellaneous items necessary to complete the house.

2)     Mrs. Bettyanne Harsbargen of Midnight Six, LLC assisted Mr. Harsbargen in completing the above-referenced projects.  In addition, she assisted Plaintiff with finish work such as painting fireplace and sealing trim and filling nail holes.

3)     Mr. Elliot Haddon completed plumbing work that Defendant Alis started but did not finish.  He also corrected Defendant Alis' work by moving the shower, toilet, and sink plumbing lines to alignment.   In addition, he completed necessary plumbing repairs upstairs on toilet and shower.

4)     Mr. Jose Alejandre of Verde Landscape/Maintenance fixed/repaired siding and soffit repair that was improperly installed by Alis.  He also completed wood rot repair on garage door frame and completed landscaping.

ALIS HOMES, LLC'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO HOLESHOT
PROPERTIES, LLC - **AND RESPONSES**
~~THERETO~~ 12

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

Exhibit 2 to Hoover Declaration
2:17-cv-00707-JLR
14

5)   2FL Enterprises, LLC stopped installation of kitchen window to show Plaintiff the poor workmanship of Alis on the soffit. They also installed doors and windows.

6)   Mr. Darrin Rickman performed concrete demolition in downstairs bathroom, removed paneling from downstairs bonus and bedroom. He also performed minor sheetrock demolition.

7)   Joe and Helen (last name unknown) were neighbors who removed everything left behind by previous owner.   They confronted Defendant Alis' drywall subcontractor when he broke into the home.

8)   Mr. Andre Gresham installed all flooring for the home.

9)   Mr. Shawn Moore assisted with the furnace installation for the home.

10)  Orca Granite installed granite in the home.

11)  Mr. Kyle Kern of CES completed all required electrical work. (253) 326-5607.

12)  Mr. Evan Giuntoli installed interior doors and trim throughout. In addition, he moved and installed hood vent in kitchen. 261 Mission Road, Thorpe WA 98946. (253) 906-2546.

13)  Mr. Joe Mangee painted the interior and exterior of the home.  He also performed some sheetrock repair and textured the walls.

14)  Mr. Scott Abbott installed kitchen cabinets and tile backsplash and fireplace surround. (253) 820-0750,

15)  Mr. Hartley Hadley of Top Hat Chimney Sweep and Repair serviced the fireplace.

16)  Insight Pest Solutions sprayed beehive in soffit prior to commencement of construction.

17)  Mr. John Nunez provided one day of labor and assisted with the downstairs bathroom framing

18)  Carbon River Doors installed garage door and removed old one.  P.O. Box 355 Orting WA 98360. (253) 307-3801.

ALIS HOMES, LLC'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO HOLESHOT PROPERTIES, LLC - **AND RESPONSES THERETO** ..

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

Exhibit 2 to Hoover Declaration
2:17-cv-00707-JLR
15

19)     Ms. Michelle Faith provided staging for the home upon completion. 34907 SE Kinsey St, Snoqualmie, WA 98065.  (425) 358-0109.

**INTERROGATORY NO. 4:**  Please identify each and every contract between you and Alis related to the Project, including identifying the parties to the contract, the terms of the contract, the date the contract was made, and whether the contract was written or oral.

**ANSWER:**

**Objection.  Plaintiff objects to the extent the foregoing interrogatory calls for a legal conclusion(s), is unduly burdensome, or otherwise imposes obligations broader than those authorized or otherwise permitted by any applicable order or rule of this Court.  Further, Plaintiff is not required to put on a "dress rehearsal" for the trial and/or provide evidence upon which it intends to rely on to prove any fact or facts.** *See Weber v. Biddle,* **72 Wn.2d 22, 29 (1967).**

**Plaintiff will work with Defendants and its counsel to clarify the extent of the request so as to narrow it and ensure that it is within the proper scope of discovery.**

SMITH ALLING, P.S.

Chad E. Ahrens, WSBA #36149
Attorneys for Plaintiff

Notwithstanding the foregoing objection, Plaintiff answers:

**Plaintiff had an oral agreement with Defendant Alis as negotiated by and between Leo Hoover and Sarah Hoover and Heather and Eric Rickman. The contract was based on a verbal agreement to complete work as provided in the written Quote #RICKMAN QUOTE on August 9, 2016 with the agreement that we would work together to get the bid down to our $50,000 (or under) budget. Mrs. Hoover made changes on the original quote (via pen on type-written page) at the parties' August 9, 2016 meeting with some preliminary changes. The parties agreed to several changes to the original quote but Defendant Alis requested to proceed with the order of materials along with a $20,000 deposit.  The parties agreed that the $20,000 deposit was to be used as follows: $8,150 towards labor, $8,823.53 for window and gutter order and $1,722.35 for door and trim package ordered with some excess. For purposes of using round figures, the parties agreed to a $20,000 and Plaintiff tendered the deposit. Defendant Alis committed to complete the work within 6 weeks from the commencement with the materials to be ordered the day Plaintiff tendered the $20,000 deposit check. Defendant Alis' quote was to be all inclusive with Plaintiff only self-performing on cleanup of the home. Defendant Alis' original quote was $42,319.42 plus an estimated $15,975 in**

ALIS HOMES, LLC'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO HOLESHOT
PROPERTIES, LLC - **AND RESPONSES**
THERETO - 15

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

Exhibit 2 to Hoover Declaration
2:17-cv-00707-JLR
16

materials, which rendered the quote over budget.  Defendant Alis' quote was missing a few big ticket items such as the furnace, electrical, and fireplace mantle.  Plaintiff gave Defendant Alis a deposit for windows/gutters.  However, Defendant Alis never ordered the doors and trim.  Instead, despite providing Defendant Alis a deposit, Plaintiff was forced to pay for all of the items previously subject to a deposit with Defendant Alis after Alis was "off the job."

As a material inducement for Plaintiff to deposit $20,000, Defendant Alis promised to deliver a written contract when deposit check was tendered.  However, when Plaintiff dropped off the check, Mrs. Hoover said she would have to meet the Plaintiff later top provide the written contract because she didn't have it with her at the moment.  At a subsequent meeting with Mrs. Hoover, Plaintiff offered to send over a sample contract which included lien waivers and what information to request from subs.  Mrs. Hoover indicated that she was not aware that subcontractors needed to provide their license/bond/insurance information or that they needed to sign any sort of waivers. Despite these communications, Defendant Alis failed to deliver a written contract.  As a last resort, Plaintiff finally brought a contract what ended up being the parties' last meeting.  Defendant Alis refused to sign the contract and instead presented Plaintiff with the "final bill."

**INTERROGATORY NO. 5:** Please describe with specificity the condition of the home, including, but not limited to, the electrical system, at the time Alis started work on the home.

   **ANSWER:**

   Objection.  Plaintiff objects to the extent the foregoing interrogatory calls for testimony from an expert witness(es) or a legal conclusion(s), is unduly burdensome, or otherwise imposes obligations broader than those authorized or otherwise permitted by any applicable order or rule of this Court.  Further, Plaintiff is not required to put on a "dress rehearsal" for the trial and/or provide evidence upon which it intends to rely on to prove any fact or facts.  *See Weber v. Biddle,* 72 Wn.2d 22, 29 (1967).

   Plaintiff will work with Defendants and its counsel to clarify the extent of the request so as to narrow it and ensure that it is within the proper scope of discovery.

   SMITH ALLING, P.S.

   Chad E. Ahrens, WSBA #36149
   Attorneys for Plaintiff

Notwithstanding the foregoing objection, Plaintiff answers:

ALIS HOMES, LLC'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO HOLESHOT
PROPERTIES, LLC - **AND RESPONSES**
THERETO - 16

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

Exhibit 2 to Hoover Declaration
2:17-cv-00707-JLR
17

The home was in good/decent condition prior to hiring Defendant Alis. However, the home was dated and in need of certain repairs and/or updates in order to make it marketable. The roof was newer and the rear deck was approximately one year old. The remainder of the home appeared to be in the original condition as it was constructed in 1959. Until just a few months prior to Plaintiff purchasing the home, the seller and her daughter made the home their primary residence with everything functioning and in working order. To the best recollection of Plaintiff, prior to Defendant Alis' involvement, the electrical system was in good working order. However, it was an older electrical system with two-prong wiring which would not support any additional breakers. Plaintiff's remodel included changing the oil heat to forced air furnace while utilizing the existing ducting. The existing electrical panel would not support any additions.

**INTERROGATORY NO. 6:** Please describe with specificity the condition of the home at the time Alis stopped working on the home.

**ANSWER:**

Objection. Plaintiff objects to the extent the foregoing interrogatory is burdensome or oppressive in that it would require investigation, research, information or compilation of documents: (1) in the possession, custody or control of non-parties equally accessible to the Defendants; (2) or within the possession, custody or control of Plaintiffs or its representatives; and (3) which can be derived with substantially the same burden by Defendants from records available or within possession, custody or control of the Defendants or its representatives or agents. Further, Plaintiff is not required to put on a "dress rehearsal" for the trial and/or provide evidence upon which it intends to rely on to prove any fact or facts. *See Weber v. Biddle,* 72 Wn.2d 22, 29 (1967).

Plaintiff will work with Defendants and its counsel to clarify the extent of the request so as to narrow it and ensure that it is within the proper scope of discovery.

SMITH ALLING, P.S.

Chad E. Ahrens, WSBA #36149
**Attorneys for Plaintiff**

Notwithstanding the foregoing objection, Plaintiff answers:

Upon Defendant Alis' departure, the general condition of the home and, in particular, Defendant Alis' work was generally as follows:

1) Window package was ordered with a $1,500.00 deposit;

ALIS HOMES, LLC'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO HOLESHOT
PROPERTIES, LLC - **AND RESPONSES**
~~THERETO - 17~~

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

Exhibit 2 to Hoover Declaration
2:17-cv-00707-JLR
18

2) Gutters were installed by 2FL;

3) Plumbing in downstairs bathroom was roughed in and the ejector pump was installed. No other plumbing was completed. Plaintiff was forced to have electrician install new wiring to support the sewage pump installed by Defendant Alis. Plaintiff had to complete the concrete work after plumbing install – work which was included in Defendant Alis' bid/estimate. The plumber Plaintiff engaged to complete Defendant Alis' unfinished work and/or to repair Defendant Alis' defective work indicated that Plaintiff could have nearly had the whole house re-plumbed for the price charged by Defendant Alis.

4) Based upon information and belief, including, but not necessarily limited to, text communications with Defendant Alis; the home was prepped or pressure washed prior to painting. Cables, wires and an old wooden mail holder were painted over and around instead of moving or removing. New gutters were installed one day and painted with a brush by the painter on the next. The work was poorly coordinated. Paint was dripped on the new gutters. No trim paint was completed. The front peak on the garage was not painted.

5) Dry rot of soffit: The material used by Defendant Alis was not exterior grade nor was it secured to the house. Window installer informed us that the wood was not secured to the house and, as a result, Plaintiff, was required to replace all material.

6) Kitchen framing: Defendant Alis constructed a pony wall that was too short and removed side walls.

7) Paneling and drywall demo was not completed by Defendant Alis.

8) Laundry and closets were framed in – downstairs

9) Drywall: The majority was hung and a substantial amount was taped and mudded. However, Defendant Alis left this phase of the home remodel in a huge mess. No texture was complete. The drywall subcontractor had several days of work left, so Plaintiff discussed finishing the project and paying them. The drywall subcontractor originally agreed. However, the next day they broke into the basement window to retrieve supplies left behind and would not answer our calls. Police report filed, neighbors identified the drywall contractor.

10) Defendant left a large pile of debris on the back porch, and Plaintiff had to incur the time and expense to dispose of the same.

ALIS HOMES, LLC'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO HOLESHOT
PROPERTIES, LLC - **AND RESPONSES**

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

Exhibit 2 to Hoover Declaration
2:17-cv-00707-JLR
19

**INTERROGATORY NO. 7:** Please describe with specificity work performed by Comprehensive Electrical Services, LLC, and whether it was prior to and after its subcontract was assigned from Alis to you.

**ANSWER:**

Objection.  **Plaintiff objects to the extent the foregoing interrogatory is burdensome or oppressive in that it would require investigation, research, information or compilation of documents: (1) in the possession, custody or control of non-parties equally accessible to the Defendants; (2) or within the possession, custody or control of Plaintiffs or its representatives; and (3) which can be derived with substantially the same burden by Defendants from records available or within possession, custody or control of the Defendants or its representatives or agents.  Further, Plaintiff is not required to put on a "dress rehearsal" for the trial and/or provide evidence upon which it intends to rely on to prove any fact or facts.** *See Weber v. Biddle,* **72 Wn.2d 22, 29 (1967).**

**Plaintiff will work with Defendants and its counsel to clarify the extent of the request so as to narrow it and ensure that it is within the proper scope of discovery.**

**SMITH ALLING, P.S.**

**Chad E. Ahrens, WSBA #36149**
**Attorneys for Plaintiff**

**Notwithstanding the foregoing objection, Plaintiff answers:**

**CES was hired by Defendant Alis.  Any work completed by CES was done while Defendant Alis was on the project including, but not necessarily limited to: 125 amp panel change, electrical wiring re-routed and kitchen hood electrical moved in ceiling, replaced plugs and GFCI in bathroom, replaced some of the wiring in the garage that was hanging in the ceiling.  Plaintiff did not approve of the following work: panel change was not enough to support the furnace and the plugs were not to be switched out with two pronged plugs so Plaintiff incurred the cost to have them replaced with the correct plugs.  When Plaintiff showed up at the property, Leo Hoover of Defendant Alis was not present so Plaintiff had Defendant Alis (and its subcontractors) stop working until Plaintiff could reasonably ascertain the work being performed and the general status of the project.  Defendant Alis agreed that they had given incorrect instructions to the electricians.    In email correspondence, Sarah Hoover of Defendant Alis acknowledged as much as she communicated:  "When the wrong panel was installed it came to a surprise to us all.  The electrician was made aware that the new furnace was going to be installed and installed the smaller panel in error.  PacWest does not have to**

ALIS HOMES, LLC'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO HOLESHOT
PROPERTIES, LLC - **AND RESPONSES**
THERETO - 10

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

Exhibit 2 to Hoover Declaration
2:17-cv-00707-JLR
20

worry about any extra charges incurred by that error, Alis Homes will handle that with the electrician."

After Alis stopped working on the home, Plaintiff requested the following from CES to complete the electrical portion of the job:

1) new electrical panel to support new furnace;
2) plug for sewage pump;
3) furnace wiring;
4) kitchen outlet(s) to coincide with new design;
5) wire decorative hood for kitchen (specs provided in discovery)
6) to address any code violations or work needed to make the electrical in this home safe

This work was completed after Defendant Alis stopped working on the home and paid for us. Invoice provided, cost of $4,920.16.

**INTERROGATORY NO. 8:** Please describe with specificity work performed by 2FL Enterprises, LLC dba 2FL Windows & Siding, and whether it was prior to and after its subcontract was assigned from Alis to you.

    **ANSWER:**

    Objection.   Plaintiff objects to the extent the foregoing interrogatory is burdensome or oppressive in that it would require investigation, research, information or compilation of documents: (1) in the possession, custody or control of non-parties equally accessible to the Defendants; (2) or within the possession, custody or control of Plaintiffs or its representatives; and (3) which can be derived with substantially the same burden by Defendants from records available or within possession, custody or control of the Defendants or its representatives or agents.   Further, Plaintiff is not required to put on a "dress rehearsal" for the trial and/or provide evidence upon which it intends to rely on to prove any fact or facts.  *See Weber v. Biddle*, 72 Wn.2d 22, 29 (1967).

    Plaintiff will work with Defendants and its counsel to clarify the extent of the request so as to narrow it and ensure that it is within the proper scope of discovery.

SMITH ALLING, P.S.

Chad E. Ahrens, WSBA #36149
Attorneys for Plaintiff

ALIS HOMES, LLC'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO HOLESHOT
PROPERTIES, LLC - **AND RESPONSES**
THERETO - 20

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

Exhibit 2 to Hoover Declaration
2:17-cv-00707-JLR
21

1

Notwithstanding the foregoing objection, Plaintiff answers:

2

   2FL provided the gutters and windows, both the product and installation. The
gutters were installed by 2FL while Defendant Alis was working on the home. The

3

remainder of the work was completed after Defendant Alis stopped working on the
home and was coordinated and supervised by Plaintiff.

4

5

**INTERROGATORY NO. 9:** Please identify each and every building code provision you

6

contend Alis violated related to the Project.

7

   **ANSWER:**

8

   Objection.   Plaintiff objects to the extent the foregoing interrogatory is
burdensome or oppressive in that it would require investigation, research, information

9

or compilation of documents: (1) in the possession, custody or control of non-parties
equally accessible to the Defendants; (2) or within the possession, custody or control of

10

Plaintiffs or its representatives; and (3) which can be derived with substantially the
same burden by Defendants from records available or within possession, custody or

11

control of the Defendants or its representatives or agents.   Further, Plaintiff is not
required to put on a "dress rehearsal" for the trial and/or provide evidence upon which

12

it intends to rely on to prove any fact or facts.   *See Weber v. Biddle,* 72 Wn.2d 22, 29

13

(1967).

14

   Plaintiff will work with Defendants and its counsel to clarify the extent of the
request so as to narrow it and ensure that it is within the proper scope of discovery.

15

16

   SMITH ALLING, P.S.

17

18

   Chad E. Ahrens, WSBA #36149
   **Attorneys for Plaintiff**

19

   Notwithstanding the foregoing objection, Plaintiff answers:

20

   Plaintiff hired Defendant Alis with the expectation that, as the general
contractor, Defendant Alis would coordinate any necessary permit(s) and would ensure

21

that all work performed was to current building code standards and, at a minimum,
that Defendant Alis would advise Plaintiff if there were any exception(s) to the

22

foregoing.   Plaintiff does not know what building code sections were violated by
Defendant Alis; however, Plaintiff was made aware by Defendant Alis that a county

23

inspector would need to inspect the bathroom when the lines were installed.   In addition,

24

to Plaintiff's actual knowledge, Defendant Alis did not obtain a remodel permit for
reconfiguration of downstairs bath plumbing and utility room or upstairs kitchen

25

remodel.   According to Leo Hoover of Defendant Alis, the kitchen had three load

ALIS HOMES, LLC'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO HOLESHOT
PROPERTIES, LLC - **AND RESPONSES**
~~THERETO - 21~~

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

Exhibit 2 to Hoover Declaration
2:17-cv-00707-JLR
22

bearing walls requiring added expense and needed permits.  Defendant Alis never provided any permit records to Plaintiff, nor did Plaintiff observe the permit or the inspector.  Ultimately, Plaintiff learned that Defendant Alis' plumbing subcontractor was a friend and not a licensed contractor.

**INTERROGATORY NO. 10:** Please identify the specific designs and/or plans you allege Alis failed to follow and how Alis's work deviated from the same.

Objection.  Plaintiff objects to the extent the foregoing interrogatory is burdensome or oppressive in that it would require investigation, research, information or compilation of documents: (1) in the possession, custody or control of non-parties equally accessible to the Defendants; (2) or within the possession, custody or control of Plaintiffs or its representatives; and (3) which can be derived with substantially the same burden by Defendants from records available or within possession, custody or control of the Defendants or its representatives or agents.  Further, Plaintiff is not required to put on a "dress rehearsal" for the trial and/or provide evidence upon which it intends to rely on to prove any fact or facts.  *See Weber v. Biddle*, 72 Wn.2d 22, 29 (1967).

Plaintiff will work with Defendants and its counsel to clarify the extent of the request so as to narrow it and ensure that it is within the proper scope of discovery.

SMITH ALLING, P.S.

Chad E. Ahrens, WSBA #36149
**Attorneys for Plaintiff**

**ANSWER:**

1)  KITCHEN: One of two cabinets located on either side of sink would not fit due to 2x4 in the ceiling being left after wall came down. Pony wall built 4" too short to support a standard stove.

2)  LAUNDRY: Defendant Alis had to rebuild the laundry room twice because it was built too narrow to fit a washer and dryer and used left over scraps of wood on the second build.

3)  BATHROOM: Design did not accommodate the corner shower as planned. Shower and toilet plumbing and drains had to be relocated to allow the bathroom fixtures fit.  Plaintiff never received the shower as agreed.

4)  PRODUCT ORDER: Windows were not ordered on time and were not paid for with our deposit money as promised.  Interior doors and trim were never

ALIS HOMES, LLC'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO HOLESHOT
PROPERTIES, LLC - **AND RESPONSES**
~~THERETO - 23~~

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

Exhibit 2 to Hoover Declaration
2:17-cv-00707-JLR
23

ordered as agreed. (Further details are set forth in deposit email between Plaintiff and Defendant Alis. *See* RFP No. 1) Project delayed waiting for product.

5)  ELECTRICAL: Wrong panel installed, kitchen plugs not moved to where we discussed for counter appliances, plugs were changed out without our authorization. Ejector pump had no power to it (downstairs bathroom project).

**INTERROGATORY NO. 11:** Please identify any and all damages you are alleging to have incurred as a result of Alis's actions in this matter, including:

    a.  The dollar amount and type of each type of damage;
    b.  The factual basis for each type of damage;
    c.  Estimates, proposals, bids or invoices related to each type; and
    d.  The manner in which these amounts were calculated.

**ANSWER:**

**Objection.   Plaintiff objects to the extent the foregoing interrogatory is burdensome or oppressive in that it would require investigation, research, information or compilation of documents: (1) in the possession, custody or control of non-parties equally accessible to the Defendants; (2) or within the possession, custody or control of Plaintiffs or its representatives; and (3) which can be derived with substantially the same burden by Defendants from records available or within possession, custody or control of the Defendants or its representatives or agents.   Further, Plaintiff is not required to put on a "dress rehearsal" for the trial and/or provide evidence upon which it intends to rely on to prove any fact or facts. *See Weber v. Biddle,* 72 Wn.2d 22, 29 (1967).**

**Plaintiff will work with Defendants and its counsel to clarify the extent of the request so as to narrow it and ensure that it is within the proper scope of discovery.**

**SMITH ALLING, P.S.**

**Chad E. Ahrens, WSBA #36149**
**Attorneys for Plaintiff**

**Notwithstanding the foregoing objection, Plaintiff answers:**

**Discovery is ongoing.   Plaintiff that it cannot fully articulate its damages without the assistance of an expert witness in construction as Plaintiff self-performed much of the work that Defendant Alis failed to perform or that was otherwise defective where**

ALIS HOMES, LLC'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO HOLESHOT
PROPERTIES, LLC - **AND RESPONSES**
THERETO - 23

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

Exhibit 2 to Hoover Declaration
2:17-cv-00707-JLR
24

Defendant Alis did perform in part. Plaintiff self-performed as much work as possible to mitigate its damages. Notwithstanding the foregoing, Plaintiff estimates that its damages include, but are not necessarily limited to:

1) $20,000.00 deposit wrongfully retained by Defendant Alis;
2) $4,920.16 paid to CES Electrical to repair defective work;
3) General contractor fees, overhead, profit and loss, and supervision (which will require the assistance of an expert witness to calculate and substantiate);
4) Out-of-pocket costs in the form of monies paid to subcontractors, materialmen, and labormen to repair and/or complete Defendant Alis' work; and
5) Attorneys' fees and costs incurred in pursuing the claims in above-captioned matter.

**INTERROGATORY NO. 12:** Please identify each and every contract between you and any other contractor and/or subcontractor related to the Project (prior to, during and after Alis' involvement). For each, please identify:

    a. the parties to the contract;
    b. the date the contract was made;
    c. the terms and scope;
    d. whether the contract was written or oral; and
    e. whether the work has been performed.

**ANSWER:**

Objection. Plaintiff objects to the extent the foregoing interrogatory is burdensome or oppressive in that it would require investigation, research, information or compilation of documents: (1) in the possession, custody or control of non-parties equally accessible to the Defendants; (2) or within the possession, custody or control of Plaintiffs or its representatives; and (3) which can be derived with substantially the same burden by Defendants from records available or within possession, custody or control of the Defendants or its representatives or agents. Further, Plaintiff is not required to put on a "dress rehearsal" for the trial and/or provide evidence upon which it intends to rely on to prove any fact or facts. *See Weber v. Biddle,* 72 Wn.2d 22, 29 (1967).

Plaintiff will work with Defendants and its counsel to clarify the extent of the request so as to narrow it and ensure that it is within the proper scope of discovery.

//

//

ALIS HOMES, LLC'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO HOLESHOT PROPERTIES, LLC - **AND RESPONSES THERETO** - 24

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

Exhibit 2 to Hoover Declaration
2:17-cv-00707-JLR
25

1

SMITH ALLING, P.S.

2

Chad E. Ahrens, WSBA #36149
Attorneys for Plaintiff

3

4

Notwithstanding the foregoing objection, Plaintiff answers:

5

Contract between 2FL Windows and Siding and PacWest Investment Group –

6

September 5, 2016 – Windows to be installed. *See* RFP NO. 2-6. Yes, the work has been performed

7

8

Plaintiff did not enter into any other written contracts. Plaintiff only obtained bids and completed work.  Ultimately, Plaintiff finished the job with a significant amount of help with Harsbargen's General Contractors.

9

10

**INTERROGATORY NO. 13:** Please state and describe in complete detail all remedial work

11

you contend has been or will be performed due to alleged defects in the Alis's work, including in

12

your answer:

13
14
15

    1.   The date(s) on which the work was/is scheduled to be performed;
    2.   The name and address of each contractor who performed/will perform the work;
    3.   Identify any and all documents, including contracts, relating to the work; and
    4.   Identify any and all photographs taken during each examination or inspection.

16

**ANSWER:**

17
18
19
20
21
22

    **Objection.**    Plaintiff objects to the extent the foregoing interrogatory is burdensome or oppressive in that it would require investigation, research, information or compilation of documents: (1) in the possession, custody or control of non-parties equally accessible to the Defendants; (2) or within the possession, custody or control of Plaintiffs or its representatives; and (3) which can be derived with substantially the same burden by Defendants from records available or within possession, custody or control of the Defendants or its representatives or agents.    Further, Plaintiff is not required to put on a "dress rehearsal" for the trial and/or provide evidence upon which it intends to rely on to prove any fact or facts.  *See Weber v. Biddle,* 72 Wn.2d 22, 29 (1967).

23

    Plaintiff will work with Defendants and its counsel to clarify the extent of the request so as to narrow it and ensure that it is within the proper scope of discovery.

24

//

25

ALIS HOMES, LLC'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO HOLESHOT
PROPERTIES, LLC - **AND RESPONSES**
THERETO - 26

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

Exhibit 2 to Hoover Declaration
2:17-cv-00707-JLR
26

SMITH ALLING, P.S.

Chad E. Ahrens, WSBA #36149
**Attorneys for Plaintiff**

Notwithstanding the foregoing objection, Plaintiff answers:

1)      **Jose Alejandre**
         **Verde Landscape/Maintenance**
         **4501 N. 21st St**
         **Tacoma, WA  98406**
         **(253) 988-6246**

Soffit and siding repair/replacement completed by Jose Alejandre.  Estimated cost of work $383.25.  See photos as provided in response to Request for Production 3.

2)      **Elliot Haddon**
         **2724 S Meridian, Apt. 373**
         **Puyallup, WA  98373**
         **(206) 992-8847**

Finished and corrected plumbing issues.  Estimated cost of work in $1,450.

3)      **Joe Mangee**
         **21804 Mountain Hwy #147**
         **Spanaway, WA  98387**
         **(2533) 223-5470**

Touched up paint drips on new gutters, finished exterior paint, completed all texture for an estimated total of $4,100, which did not include products/materials.

4)      **Kyle Kern**
         **CES**
         **18011 2nd St E**
         **Lake Tapps, WA  98391**
         **(253) 326-5607**

Installed correct panel and completed needed electrical items that were not ordered for an estimated total of $4,920.

ALIS HOMES, LLC'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO HOLESHOT
PROPERTIES, LLC - **AND RESPONSES**
THERETO - 26

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

Exhibit 2 to Hoover Declaration
2:17-cv-00707-JLR
27

1  **INTERROGATORY NO. 14:** Please identify the total amount billed to you by Alis for work

2  on the home; all sums of money paid by you to Alis; and all amounts you claim to be

3  inappropriately billed by Alis, if any, and why you claim they were inappropriate.

4    **ANSWER:**

5    Objection.  Plaintiff objects to the extent the foregoing interrogatory is
   **burdensome or oppressive in that it would require investigation, research, information**

6  **or compilation of documents: (1) in the possession, custody or control of non-parties**
   **equally accessible to the Defendants; (2) or within the possession, custody or control of**

7  **Plaintiffs or its representatives; and (3) which can be derived with substantially the**
   **same burden by Defendants from records available or within possession, custody or**

8  **control of the Defendants or its representatives or agents.  Further, Plaintiff is not**

9  **required to put on a "dress rehearsal" for the trial and/or provide evidence upon which**
   **it intends to rely on to prove any fact or facts.  *See Weber v. Biddle,* 72 Wn.2d 22, 29**

10 **(1967).**

11   **Plaintiff will work with Defendants and its counsel to clarify the extent of the**
   **request so as to narrow it and ensure that it is within the proper scope of discovery.**

12

13 **SMITH ALLING, P.S.**

14 _____
   **Chad E. Ahrens, WSBA #36149**

15 **Attorneys for Plaintiff**

16   **Notwithstanding the foregoing objection, Plaintiff answers:**

17   **After numerous corrections for work billed by Defendant Alis but that had not**
   **been performed and/or completed, Defendant Alis finally provided a 'final' bill from Alis**

18 **was $22,548.48.  Plaintiff gave Defendant Alis a material deposit of $20,000.00.  Based upon**
   **information and belief, Defendant Alis inflated their line items to avoid having to return**

19 **any of our deposit.  The original estimate for plumbing to include all plumbing and shower**
   **surround and install is for the same exact amount as their final bill.  Plaintiff performed all**

20 **the concrete work and purchased and installed the shower yet this price did not change**
   **from the original quote.  Plaintiff also completed the kitchen demo that was not deducted**

21 **from the quote.  Leo Hoover of Defendant Alis claimed to have removed three load bearing**
   **walls resulting in a very expensive glulam beam.  However, this beam was never installed**

22 **and Plaintiff now believes that any temporary walls were unnecessary and likely never**

23 **used.  Plaintiff confronted Defendant Alis about the contractor markup on pieces they**
   **completely subcontracted out.  Plaintiff engaged Defendant Alis to supervise and manage**

24 **the job and they failed in this area.**

25

ALIS HOMES, LLC'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO HOLESHOT
PROPERTIES, LLC - **AND RESPONSES**

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

Exhibit 2 to Hoover Declaration
2:17-cv-00707-JLR
28

1   **INTERROGATORY NO. 15:** Please provide any other facts and information not already

2   provided in the answers to the preceding interrogatories to support your allegations of breach

3   of contract/quantum meruit in Paragraphs 4.1-4.3 of your Complaint and identify witnesses

4   who have knowledge of this contention.

5         **ANSWER:**

6         **Objection.   Plaintiff objects to the extent the foregoing interrogatory is
burdensome or oppressive in that it would require investigation, research, information

7   or compilation of documents: (1) in the possession, custody or control of non-parties
equally accessible to the Defendants; (2) or within the possession, custody or control of

8   Plaintiffs or its representatives; and (3) which can be derived with substantially the
same burden by Defendants from records available or within possession, custody or

9   control of the Defendants or its representatives or agents.   Further, Plaintiff is not
required to put on a "dress rehearsal" for the trial and/or provide evidence upon which

10  it intends to rely on to prove any fact or facts.   *See Weber v. Biddle,* 72 Wn.2d 22, 29

11  (1967).**

12        **Plaintiff will work with Defendants and its counsel to clarify the extent of the
request so as to narrow it and ensure that it is within the proper scope of discovery.**

13

      **SMITH ALLING, P.S.**

14

15        **Chad E. Ahrens, WSBA #36149**
      **Attorneys for Plaintiff**

16

17        **Notwithstanding the foregoing objection, Plaintiff answers:**

18        **Defendant Alis induced Plaintiff to tender a $20,000.00 deposit based upon an
agreed upon written estimate detailing, by line item, the scope of work and the

19  corresponding cost.  However, based upon information and belief, Defendant Alis failed
to use any portion of deposit to purchase materials as agreed.  Further, Defendant Alis

20  failed to perform the agreed upon scope of work.  Of the work it did perform, Defendant
Alis breached the parties' agreement by: (i) failing to do the work as agreed; (ii) failing

21  to correct defective work; (iii) using unregistered, unlicensed, and unbonded
subcontractors.   In summary, Defendant Alis failed to perform under the parties'

22  agreement and, as a result, Plaintiff was forced to take remedial action which resulted in
damages.  Discovery is ongoing.  Plaintiff will supplement this Answer as required.**

23

24

25

ALIS HOMES, LLC'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO HOLESHOT
PROPERTIES, LLC - **AND RESPONSES**
~~THERETO - 29~~

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

Exhibit 2 to Hoover Declaration
2:17-cv-00707-JLR
29

1  **INTERROGATORY NO. 16:** Please state all facts and information to support your

2  Consumer Protection Act violation allegations in Paragraphs 5.1-5.3 of your Complaint and

3  identify witnesses who have knowledge of this contention.

4      **ANSWER:**

5      **Objection.  Plaintiff objects to the extent the foregoing interrogatory is
burdensome or oppressive in that it would require investigation, research, information**

6  **or compilation of documents: (1) in the possession, custody or control of non-parties
equally accessible to the Defendants; (2) or within the possession, custody or control of**

7  **Plaintiffs or its representatives; and (3) which can be derived with substantially the
same burden by Defendants from records available or within possession, custody or**

8  **control of the Defendants or its representatives or agents.  Further, Plaintiff is not
required to put on a "dress rehearsal" for the trial and/or provide evidence upon which**

9  **it intends to rely on to prove any fact or facts.  _See Weber v. Biddle_, 72 Wn.2d 22, 29**

10  **(1967).**

11      **Plaintiff will work with Defendants and its counsel to clarify the extent of the
request so as to narrow it and ensure that it is within the proper scope of discovery.**

12      SMITH ALLING, P.S.

13  

14      Chad E. Ahrens, WSBA #36149
    Attorneys for Plaintiff

15

16      **Notwithstanding the foregoing objection, Plaintiff answers:**

17      **Defendant Alis misrepresented its business history and expertise as a general
contractor.  Defendant Alis used unregistered, unlicensed, and unbonded**

18  **subcontractors.  Based upon information and belief, Defendant Alis engaged in a
deceptive practice of knowing misrepresenting the actual cost associated with the work**

19  **in order to take advantage of Plaintiff, as a consumer, and scrupulously boost its profit
margin.  Discovery is ongoing.  Plaintiff will supplement this Answer as required.**

20

21  **INTERROGATORY NO. 17:** Please state all facts and information to support your

22  conversion/constructive trust allegations in Paragraph 6.1-6.5 of your Complaint and identify

23  witnesses who have knowledge of this contention.

24      **ANSWER:**

25      **Objection.  Plaintiff objects to the extent the foregoing interrogatory is**

ALIS HOMES, LLC'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO HOLESHOT
PROPERTIES, LLC - **AND RESPONSES
THERETO - 30**

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

Exhibit 2 to Hoover Declaration
2:17-cv-00707-JLR
30

burdensome or oppressive in that it would require investigation, research, information or compilation of documents: (1) in the possession, custody or control of non-parties equally accessible to the Defendants; (2) or within the possession, custody or control of Plaintiffs or its representatives; and (3) which can be derived with substantially the same burden by Defendants from records available or within possession, custody or control of the Defendants or its representatives or agents.  Further, Plaintiff is not required to put on a "dress rehearsal" for the trial and/or provide evidence upon which it intends to rely on to prove any fact or facts. *See Weber v. Biddle,* 72 Wn.2d 22, 29 (1967).

Plaintiff will work with Defendants and its counsel to clarify the extent of the request so as to narrow it and ensure that it is within the proper scope of discovery.

SMITH ALLING, P.S.

Chad E. Ahrens, WSBA #36149
Attorneys for Plaintiff

Notwithstanding the foregoing objection, Plaintiff answers:

Defendant Alis misrepresented the purpose of the $20,000.00 deposit paid by Plaintiff.  Plaintiff expressly paid the $20,000.00 to Defendant Alis in trust to be used for the cost of materials for the project.  Based upon information and belief, Defendant Alis used the deposit monies for purposes and did not purchase materials as agreed.  Plaintiff paid Discovery is ongoing.  Plaintiff will supplement this Answer as required.

**INTERROGATORY NO. 18:**  Please state all facts and information to support your unjust enrichment allegations in Paragraph 7.1-7.3 of your Complaint and identify witnesses who have knowledge of this contention.

**ANSWER:**

Objection.   Plaintiff objects to the extent the foregoing interrogatory is burdensome or oppressive in that it would require investigation, research, information or compilation of documents: (1) in the possession, custody or control of non-parties equally accessible to the Defendants; (2) or within the possession, custody or control of Plaintiffs or its representatives; and (3) which can be derived with substantially the same burden by Defendants from records available or within possession, custody or control of the Defendants or its representatives or agents.  Further, Plaintiff is not required to put on a "dress rehearsal" for the trial and/or provide evidence upon which it intends to rely on to prove any fact or facts. *See Weber v. Biddle,* 72 Wn.2d 22, 29 (1967).

ALIS HOMES, LLC'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO HOLESHOT
PROPERTIES, LLC - **AND RESPONSES**
THERETO - 30

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

Exhibit 2 to Hoover Declaration
2:17-cv-00707-JLR
31

Plaintiff will work with Defendants and its counsel to clarify the extent of the request so as to narrow it and ensure that it is within the proper scope of discovery.

SMITH ALLING, P.S.

Chad E. Ahrens, WSBA #36149
Attorneys for Plaintiff

Notwithstanding the foregoing objection, Plaintiff answers:

Defendant Alis failed to perform to the terms agreed upon with Plaintiff; yet, it continues to retain all of the $20,000.00 deposit from Plaintiff. Defendant Alis work was defective and/or it otherwise failed to perform to the parties' agreement such that it is unjust for Defendant Alis to retain the benefit of Plaintiff's money. Discovery is ongoing. Plaintiff will supplement this Answer as required.

INTERROGATORY NO. 19: Please state all facts and information to support your promissory estoppel allegations in Paragraph 8.1-8.3 of your Complaint and identify witnesses who have knowledge of this contention.

ANSWER:

Objection. Plaintiff objects to the extent the foregoing interrogatory is burdensome or oppressive in that it would require investigation, research, information or compilation of documents: (1) in the possession, custody or control of non-parties equally accessible to the Defendants; (2) or within the possession, custody or control of Plaintiffs or its representatives; and (3) which can be derived with substantially the same burden by Defendants from records available or within possession, custody or control of the Defendants or its representatives or agents. Further, Plaintiff is not required to put on a "dress rehearsal" for the trial and/or provide evidence upon which it intends to rely on to prove any fact or facts. *See Weber v. Biddle*, 72 Wn.2d 22, 29 (1967).

Plaintiff will work with Defendants and its counsel to clarify the extent of the request so as to narrow it and ensure that it is within the proper scope of discovery.

SMITH ALLING, P.S.

Chad E. Ahrens, WSBA #36149
Attorneys for Plaintiff

ALIS HOMES, LLC'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO HOLESHOT PROPERTIES, LLC - **AND RESPONSES THERETO - 31**

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956 Fax (425) 462-4995

Exhibit 2 to Hoover Declaration
2:17-cv-00707-JLR
32

Notwithstanding the foregoing objection, Plaintiff answers:

Plaintiff pleads this action as an alternative theory of liability. Defendant Alis promised to the terms agreed upon with Plaintiff. Based upon this promise, Plaintiff paid monies to Defendant Ali -$20,000.00. Defendant Alis failed to perform on its promise; yet, it continues to retain all of the $20,000.00 deposit from Plaintiff. Defendant Alis work was defective and/or it otherwise failed to perform to the parties' agreement such that it failed to perform on its promise. Discovery is ongoing. Plaintiff will supplement this Answer as required.

**INTERROGATORY NO. 20:** Please state all facts and information to support your corporate disregard allegations in Paragraph 9.1-9.2 of your Complaint and identify witnesses who have knowledge of this contention.

**ANSWER:**

Objection. Plaintiff objects to the extent the foregoing interrogatory is burdensome or oppressive in that it would require investigation, research, information or compilation of documents: (1) in the possession, custody or control of non-parties equally accessible to the Defendants; (2) or within the possession, custody or control of Plaintiffs or its representatives; and (3) which can be derived with substantially the same burden by Defendants from records available or within possession, custody or control of the Defendants or its representatives or agents. Further, Plaintiff is not required to put on a "dress rehearsal" for the trial and/or provide evidence upon which it intends to rely on to prove any fact or facts. *See Weber v. Biddle,* 72 Wn.2d 22, 29 (1967).

Plaintiff will work with Defendants and its counsel to clarify the extent of the request so as to narrow it and ensure that it is within the proper scope of discovery.

SMITH ALLING, P.S.

Chad E. Ahrens, WSBA #36149
Attorneys for Plaintiff

Notwithstanding the foregoing objection, Plaintiff answers:

Based upon information and belief, Defendant Alis was undercapitalized at the time it was engaged as general contractor by Plaintiff. Further, as a result of such undercapitalization, Defendant Alis misappropriated Plaintiff's $20,000.00 deposit and was otherwise unable to financially perform and complete the agreed upon scope of

ALIS HOMES, LLC'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO HOLESHOT
PROPERTIES, LLC - **AND RESPONSES**
THERETO - 33

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

Exhibit 2 to Hoover Declaration
2:17-cv-00707-JLR
33

1   work.  Based upon further information and belief, Defendant Alis was run as a "sham"
2   entity such that Defendant Alis and its principals have no separate and distinct legal
    constitution – to include, but not necessarily limited to, commingling of funds.
3   Discovery is ongoing.  Plaintiff will supplement this Answer as required.

4   **INTERROGATORY NO. 21:** Please identify each and every expert witness you expect to
5   testify at trial, and for each witness, please provide:

6       a.   The expert's name, title, address, and telephone number;
    b.   The subject matter on which the expert is expected to testify;
7       c.   The substance of the facts and opinions to which the expert is expected to testify;
    d.   The facts, assumptions, information, and/or knowledge on which the expert's
8           opinion is based;
9       e.   The identity of facts, information, data, and/or documents provided to the expert;
        and
10      f.   The education, skill, training and/or experience that qualifies the individual to be
        an expert.

11      **ANSWER:**

12      Discovery is ongoing.  Plaintiff has not yet engaged an expert witness, and will
13  supplement discovery as required.

14  **INTERROGATORY NO. 22:** Excluding this matter, please identify the name, cause
15  number, venue, and resolution of any litigation you have been a party to in the last ten years.

16      **ANSWER:**

17  None.

18

19

20                    **REQUESTS FOR PRODUCTION**

21  **REQUEST FOR PRODUCTION NO. 1:** Please produce any and all documents in your
22  possession, custody, or control relating to or regarding any contract between you and Alis
23  related to the Project, including, but not limited to, the contracts themselves.

24      **RESPONSE:**
25  See attached responses.

ALIS HOMES, LLC'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO HOLESHOT
PROPERTIES, LLC - **AND RESPONSES**
**THERETO** 33

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

Exhibit 2 to Hoover Declaration
2:17-cv-00707-JLR
34

1

2

3    **REQUEST FOR PRODUCTION NO. 2:** Please produce any and all documents in your

4    possession, custody, or control relating to damages you are alleging you have incurred as a

5    result of Alis's actions in this matter, including, but not limited to, estimates, invoices, reports,

6    and costs of repair.

7         **RESPONSE:**

8    **See attached responses.**

9

10

11    **REQUEST FOR PRODUCTION NO. 3:** Please furnish any photographs or videotapes of the

12    Project prior to construction; the Project during construction; or the Project during repairs, as

13    well as the identity of the person who took the photographs and videotapes.

14         **RESPONSE:**

15    **See attached responses.**

16

17

18    **REQUEST FOR PRODUCTION NO. 4:** Please produce any and all reports in your

19    possession, custody, or control produced or provided by any expert or consultant related to the

20    Project, including, but not limited to the expert identified in your answer to Interrogatory No.

21.

22         **RESPONSE:**

23    **Discovery is ongoing.  Plaintiff's will supplement as required.**

24    ///

25

ALIS HOMES, LLC'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO HOLESHOT
PROPERTIES, LLC - **AND RESPONSES**
THERETO- 34

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

Exhibit 2 to Hoover Declaration
2:17-cv-00707-JLR
35

1    **REQUEST FOR PRODUCTION NO. 5:** To the extent not produced above, please produce

2    any and all documents in your possession, custody, or control relating to or regarding any

3    documents identified in your answers to any of the above Interrogatories.

4

5         **RESPONSE:**

6    **See attached responses.**

7

8

9    **REQUEST FOR PRODUCTION NO. 6:** To the extent not produced above, please produce

10   any and all documents in your possession, custody, or control relating in any way to the

11   Project, the claims in this action, and/or any work performed on your home prior to, during or

12   after Alis's involvement.

13        **RESPONSE:**

14   **See attached responses.**

15

16        DATED this 19th day of April, 2017.

17                          **GILLASPY & RHODE, PLLC**

18

19                          _____

20                          Betsy A. Gillaspy, WSBA No. 21340
                            bgillaspy@gillaspyrhode.com
21                          Nicholas C. Korst, WSBA No. 46581
                            nkorst@gillaspyrhode.com
22                          Attorneys for Alis Homes, LLC

23

24

25

ALIS HOMES, LLC'S FIRST SET OF              **GILLASPY & RHODE, PLLC**
INTERROGATORIES AND REQUESTS FOR                821 Kirkland Avenue, Suite 200
PRODUCTION OF DOCUMENTS TO HOLESHOT              Kirkland, Washington 98033
PROPERTIES, LLC - **AND RESPONSES**         Phone (425) 646-2956  Fax (425) 462-4995
**THERETO** 35

Exhibit 2 to Hoover Declaration
2:17-cv-00707-JLR
36

1

## VERIFICATION OF ATTORNEY

2

3

The undersigned attorney for Plaintiff has read the Interrogatories and Requests for Production of Documents, and the answers, responses and objections thereto, and they are in compliance with CR 26(g).

4

Dated this 6th day of November, 2017.

5

SMITH ALLING, PS

6

7

Chad E. Ahrens, WSBA #36149

8

Maura S. McCoy, WSBA #48070

Attorneys for Plaintiff

9

10

## CLIENT CERTIFICATION

11

12

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

13

14

Dated this ___ day of _____, 2017.

15

HOLESHOT PROPERTIES, LLC

16

Print Name: _____

17

Title: _____

18

19

20

21

22

23

24

25

ALIS HOMES, LLC'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO HOLESHOT PROPERTIES, LLC - **AND RESPONSES**

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

Exhibit 2 to Hoover Declaration
2:17-cv-00707-JLR
37

1

## CERTIFICATE OF SERVICE

2      The undersigned certifies under the penalty of perjury under the laws of the State of

3  Washington that I am now and at all times herein mentioned, a citizen of the United States, a

4  resident of the State of Washington, over the age of eighteen years, not a party to or interested

5  in the above-entitled action, and competent to be a witness herein.

6      On the date given below I caused to be served a true and accurate copy of the

7  foregoing on the following individuals via email and U.S. Mail:

8
Chad Ahrens
9  Maura McCoy
Smith Alling, PS
10 1501 Dock Street
Tacoma, WA 98402
11 Attorneys for Plaintiff

12      Dated this 19th day of April, 2017.

13

14                                    _____

15                                    Kirsten Young

16

17

18

19

20

21

22

23

24

25

ALIS HOMES, LLC'S FIRST SET OF             **GILLASPY & RHODE, PLLC**
INTERROGATORIES AND REQUESTS FOR            821 Kirkland Avenue, Suite 200
PRODUCTION OF DOCUMENTS TO HOLESHOT         Kirkland, Washington 98033
PROPERTIES, LLC - **AND RESPONSES**         Phone (425) 646-2956  Fax (425) 462-4995

Exhibit 2 to Hoover Declaration
2:17-cv-00707-JLR
38